

REPÚBLICA DE COLOMBIA
**MINISTERIO DE RELACIONES EXTERIORES**

**DIAJI No. 0953**

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales - saluda muy atentamente a la Honorable Embajada de los Estados Unidos de América y procede a cursar copia del Oficio MJD-OFI20-0008265-DAI-1100 del 11 de marzo del año en curso, procedente del Ministerio de Justicia y del Derecho, anexo al cual obra la Resolución Ejecutiva No. 001 de fecha 2 de enero de 2020, que concedió, por parte del Gobierno Nacional, la extradición del señor **JHONY FIDEL CUELLO PETRO**, acto administrativo que en lo pertinente prevé.

> "*ARTÍCULO PRIMERO: Conceder la extradición del ciudadano colombiano **JHONY FIDEL CUELLO PETRO**, identificado con la cédula de ciudadanía No. 78.743.892, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los cargos **Uno** (Concierto para fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína seria importada ilegalmente a los Estados Unidos); y **Dos** (Fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína seria importada ilegalmente a los Estados Unidos); imputados en la acusación No. 18CR 469 (también enunciada como Caso No. 4:18-cr-00469, Caso No. 4:18-cr-469-01, Caso No. 4:18-cr-469-02 y Caso No. 4:18-cr-469-03), dictada el 16 de agosto de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.*
>
> *ARTÍCULO SEGUNDO: Ordenar la entrega del ciudadano **JHONY FIDEL CUELLO PETRO** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o*

A LA HONORABLE
**EMBAJADA DE LOS ESTADOS UNIDOS DE AMÉRICA**
Ciudad

Received on
2 4 JUL. 2020
Copy to JUDATT
Copy to DOJ/OIA
L/LEI

---

Government Exhibit
**1**
H-18-cr-469

*degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*

**ARTÍCULO TERCERO:** *Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.*

[...]"

De conformidad con lo anterior, y teniendo en cuenta la comunicación del Ministerio de Justicia y del Derecho, de la cual se anexa copia, y de conformidad con lo ordenado en la citada Resolución Ejecutiva, se solicita a los Estados Unidos de América, ofrezca la garantía requerida, de acuerdo con lo ordenado en el inciso 2° del artículo 494 de la Ley 906 de 2004, en concordancia con lo resuelto por la Sala Plena de la Honorable Corte Constitucional, Sentencia C-1106 de fecha 24 de agosto del año 2000, en la cual señaló que:

*"[...] la entrega de una persona en extradición al Estado requirente, cuando en este exista la pena de muerte para el delito que la motiva, sólo se hará bajo la condición de la conmutación de la pena, como allí se dispone, e igualmente, también a condición de que al extraditado no se le someta a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes ni a las penas de destierro, prisión perpetua y confiscación conforme a lo dispuesto por los artículos 11, 12 y 34 de la Constitución Política [...]"*

El Ministerio de Relaciones Exteriores – Dirección de Asuntos Jurídicos Internacionales – hace propicia la oportunidad para reiterar a la Honorable Embajada de los Estados Unidos de América las seguridades de su más alta y distinguida consideración.

Bogotá D.C., 31 de marzo de 2020



Bogotá D.C., 11 de marzo de 2020

Doctora
**ALEJANDRA VALENCIA GARTNER**
Directora de Asuntos Jurídicos Internacionales
Ministerio de Relaciones Exteriores
Calle 10 No. 5-51 Palacio de San Carlos
Bogotá, D.C.

Al responder cite este número
MJD-OFI20-0008265-DAI-1100



Contraseña:bfnoZZefUQ

Asunto: Trámite de extradición de Jhony Fidel Cuello Petro

Apreciada doctora Alejandra:

De manera respetuosa le comunico que el Gobierno Nacional, mediante Resolución Ejecutiva N° 001 del 2 de enero de 2020, decisión que se encuentra en firme, concedió, a los Estados Unidos de América, la extradición del ciudadano colombiano Jhony Fidel Cuello Petro, en los siguientes términos:

> *"**ARTÍCULO PRIMERO:** Conceder la extradición del ciudadano colombiano **JHONY FIDEL CUELLO PETRO**, identificado con la cédula de ciudadanía No. 78.743.892, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los cargos **Uno** (Concierto para fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos); y **Dos** (Fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos); imputados en la acusación No. 18CR 469 (también enunciada como Caso No. 4:18-cr-00469, Caso No. 4:18-cr-469-01, Caso No. 4:18-cr-469-02 y Caso No. 4:18-cr-469-03), dictada el 16 de agosto de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.*
>
> ***ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano **JHONY FIDEL CUELLO PETRO** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.*
>
> ***ARTÍCULO TERCERO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997...".*



De acuerdo con lo anterior, atentamente le remito copia del mencionado acto administrativo con el objeto de que el país requirente ofrezca la garantía a que se refiere el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

Cordialmente,

**CAMILA AFANADOR VARGAS**
Directora de Asuntos Internacionales

*Anexo lo relacionado en 8 folios*

*[NIE-20- 937- 11- marzo-2020]*
*Elaboró Grupo de Extradiciones MUP*
*Revisó: Coordinadora del Grupo de Extradiciones CBP*
*Aprobó Directora DAI*

http://vuv.minjusticia.gov.co/Publico/FindIndexWeb?rad=IhqPjjbZZgaaUo%2FDMspDgsSpWAqB9dK3bBHbxFSqnKM%3D&cod=d99R%2FepxPqLkICh
XI8NZHQ%3D%3D

REPÚBLICA DE COLOMBIA



MINISTERIO DE JUSTICIA Y DEL DERECHO

RESOLUCIÓN NÚMERO 001 DE

2 ENE 2020

Por la cual se decide sobre una solicitud de extradición

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,**
en ejercicio de la facultad que le confiere el artículo 491 de la Ley 906 de 2004, y

CONSIDERANDO:

1. Que mediante Nota Verbal No. 1860 del 17 de octubre de 2018, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano colombiano **JHONY FIDEL CUELLO PETRO**, requerido para comparecer a juicio por delitos de tráfico de narcóticos.

2. Que en atención a dicha solicitud, el Fiscal General de la Nación, mediante Resolución del 23 de octubre de 2018, decretó la captura con fines de extradición del ciudadano colombiano **JHONY FIDEL CUELLO PETRO**, identificado con la cédula de ciudadanía No. 78.743.892, la cual se hizo efectiva el 22 de noviembre de 2018, por miembros de la Dirección de Investigación Criminal e Interpol de la Policía Nacional.

3. Que mediante Nota Verbal No. 0058 del 17 de enero de 2019, la Embajada de los Estados Unidos de América en nuestro país formalizó la solicitud de extradición del ciudadano **JHONY FIDEL CUELLO PETRO**.

En la acusación No. 18CR 469 (también enunciada como Caso No. 4:18-cr-00469, Caso No.4:18-cr-469-01, Caso No. 4:18-cr-469-02 y Caso No. 4:18-cr-469-03), dictada el 16 de agosto de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, se le imputan los siguientes cargos:

001

Hoja No. 2 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

## "ACUSACIÓN FORMAL

EL GRAN JURADO IMPUTA LO SIGUIENTE:

### CARGO UNO
*(Concierto para distribución internacional de cocaína)*

Empezando al menos en una fecha tan temprana como el mes de enero de 2012, siendo la fecha exacta desconocida por el gran jurado, y continuando a partir de entonces hasta la aprobación de la presente acusación formal, en el país de Colombia y en otros lugares, dentro de la jurisdicción extraterritorial de los Estados unidos(sic), los acusados:

(...)
JHONY FIDEL CUELLO PETRO,
Alias "MOCHO"

A sabiendas conspiraron y acordaron entre sí y con otras personas conocidas y desconocidas por parte del gran jurado para elaborar, poseer con la intención de distribuir y distribuir cinco kilogramos o más de una mezcla o sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la Categoría II, con la intención, a sabiendas o teniendo causa razonable para creer que dicha sustancia sería importada ilícitamente a los Estados Unidos.

En transgresión de lo dispuesto en las Secciones 963, 959(a), 960(a)(3) y (b)(1)(B) del Título 21 del Código de los Estados Unidos.

### CARGO DOS
*(Distribución internacional de cocaína)*

El 1 de mayo de 2018, o alrededor de esa fecha, y continuando hasta el 6 de mayo de 2018, o alrededor de esa fecha, en el país de Colombia, dentro de la jurisdicción extraterritorial de los Estados Unidos, los acusados:

(...)
JHONY FIDEL CUELLO PETRO,
Alias "MOCHO"

A sabiendas e intencionalmente elaboraron, poseyeron con la intención de distribuir y distribuyeron una sustancia controlada, con la intención, a sabiendas o con causa razonable para creer que dicha sustancia sería importada ilícitamente a los Estados Unidos. La sustancia controlada implicada fue más de 5 kilogramos, es decir, aproximadamente 20 kilogramos de una mezcla o sustancia que contenía una cantidad detectable de cocaína, una sustancia controlada de la categoría II.

001

Hoja No. 3 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

> *En transgresión de lo dispuesto en las Secciones, 959(a), 960(a)(3) y (b)(1)(B) del Título 21 del Código de los Estados Unidos y la Sección 2 del Título 18 del Código de los Estados Unidos."*[1].

Adicionalmente, el país requirente, en la Nota Verbal No. 0058 del 17 de enero de 2019, señaló:

> *"El 17 de agosto de 2018, con base en los cargos descritos en la acusación, la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas emitió un auto de detención para la captura de Jhony Fidel Cuello Petro. Dicho auto de detención permanece válido y ejecutable..."*
>
> *(...)*
>
> *Todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997..."*

4.  Que luego de formalizada la solicitud de extradición del ciudadano **JHONY FIDEL CUELLO PETRO**, el Ministerio de Relaciones Exteriores, a través de la Dirección de Asuntos Jurídicos Internacionales, mediante oficio DIAJI No. 0120 del 17 de enero de 2019, conceptuó:

> "Conforme a lo establecido en nuestra legislación procesal penal interna, se informa que es del caso proceder con sujeción a las convenciones de las cuales son parte la República de Colombia y los Estados Unidos de América.
>
> Una vez revisado el archivo de tratados de este Ministerio, es del caso destacar que se encuentra vigente para las Partes, la siguiente convención multilateral en materia de cooperación judicial mutua:
>
> • La *'Convención de Naciones Unidas contra el tráfico ilícito de estupefacientes y sustancias psicotrópicas'*, suscrita en Viena el 20 de diciembre de 1988[2]. En ese sentido, el artículo 6, numerales 4 y 5 del precitado tratado disponen lo siguiente:
>
>> '4. Las Partes que no supediten la extradición a la existencia de un tratado reconocerán los delitos a los que se aplica el presente artículo como casos de extradición entre ellas.
>>
>> 5. La extradición estará sujeta a las condiciones previstas por la legislación de la Parte requerida o por los tratados de extradición aplicables, incluidos los motivos por los que la Parte requerida puede denegar la extradición.'
>
> De conformidad con lo expuesto, y a la luz de lo preceptuado en los artículos 491 y 496 de la Ley 906 de 2004, los aspectos no regulados por la convención

---

[1] Folios 92 y siguientes del Cuaderno del Ministerio de Justicia y del Derecho.
[2] Artículo 3° numeral 1° literal a.

001

Hoja No. 4 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

aludida, el trámite se regirá por lo previsto en el ordenamiento jurídico colombiano...".

5. Que perfeccionado así el expediente de extradición del ciudadano **JHONY FIDEL CUELLO PETRO**, el Ministerio de Justicia y del Derecho, mediante oficio No. MJD-OFI19-0001232-DAI-1100 del 24 de enero de 2019, lo remitió a la Sala de Casación Penal de la H. Corte Suprema de Justicia para el concepto correspondiente.

6. Que la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante pronunciamiento del 9 de diciembre de 2019, habiendo encontrado cumplidos los requisitos que exigen las normas aplicables al caso, conceptuó favorablemente a la extradición del ciudadano colombiano **JHONY FIDEL CUELLO PETRO**.

Sobre el particular, la H. Corporación manifestó:

> "**7. Concepto**
>
> Los anteriores razonamientos permiten tener por acreditadas las exigencias legales para conceptuar de manera favorable a la solicitud de extradición formalizada por el Gobierno de los Estados Unidos de América a través de su Embajada en nuestro país, respecto del ciudadano colombiano JHONY FIDEL CUELLO PETRO, por los cargos Uno y Dos contenidos en la Acusación Formal No. 18CR 469, dictada el 16 de agosto de 2018 en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, División de Huston.
>
> En este momento, considera la Corte pertinente, en aras de proteger los derechos fundamentales del requerido, y tal como lo requirió la Representante del Ministerio Público, prevenir al Gobierno Nacional, para que en el evento en que acceda a la extradición de JHONY FIDEL CUELLO PETRO, advierta al Estado solicitante garantizarle a éste la permanencia en el país extranjero y el retorno al de origen en condiciones de dignidad y respeto por la persona humana, cuando el extraditado llegare a ser sobreseído, absuelto, declarado no culpable o eventos similares, incluso después de su liberación por haber cumplido la pena que le fuere impuesta en razón de los cargos que motivaron la solicitud de extradición.
>
> Del mismo modo, atendiendo lo dispuesto en el artículo 494 de la Ley 906 de 2004, el Gobierno Nacional puede subordinar la concesión de la extradición a las condiciones consideradas oportunas y exigir que el solicitado no sea juzgado por hechos diversos de los que motivaron el requerimiento, ni sometido a sanciones distintas de las impuestas en la eventual condena, ni a penas de muerte, destierro, prisión perpetua o confiscación, desaparición forzada, torturas, tratos crueles, inhumanos o degradantes, por el país solicitante, de conformidad con lo dispuesto por los artículos 12 y 34 de la Constitución Política de Colombia y como lo sugiere la Procuraduría General de la Nación a través de su Delegada.
>
> Así mismo, debe condicionar la entrega de JHONY FIDEL CUELLO PETRO a que se le respeten –como a cualquier otro nacional en las mismas

**001**

Hoja No. 5 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

*condiciones – todas las garantías debidas a su condición de justiciable, en particular a que tenga acceso a un proceso público sin dilaciones injustificadas, se presuma su inocencia, cuente con un intérprete, tenga un defensor designado por él o por el Estado, se le conceda el tiempo y los medios adecuados para que prepare la defensa, presente pruebas y controvierta las que se aduzcan en contra, a que su situación de privación de la libertad se desarrolle en condiciones dignas, a que la eventual pena que se le imponga no trascienda de su persona, a que la sentencia pueda ser apelada ante un tribunal superior, a que la pena privativa de la libertad tenga la finalidad esencial de reforma y readaptación social (Artículos 29 de la Constitución; 9 y 10 de la Declaración Universal de los Derechos Humanos; 5-3.6, 7-2.5, 8-1.2 (a) (b) (c) (d) (e) (f) (g) (h).3.4.5, 9 de la Convención Americana de Derechos Humanos; 9-2.3, 10-1.2.3, 14-1.2.3,5, y 15 del Pacto Internacional de Derechos Civiles y Políticos).*

*Además, de que no puede ser condenado dos veces por el mismo hecho, por mandato de la Carta Política, ni dársele una denominación jurídica distinta a la misma circunstancia fáctica.*

*Igualmente, el Gobierno debe condicionar la entrega a que el país solicitante, conforme a sus políticas internas sobre la materia, le ofrezca posibilidades racionales y reales para que el extraditado pueda tener contacto regular con sus familiares más cercanos, habida cuenta que la Constitución de 1991, en su artículo 42, reconoce a la familia como núcleo esencial de la sociedad, y garantiza su protección, lo cual se refuerza con la Convención Americana sobre Derechos Humanos (artículo 17) y el Pacto Internacional de Derechos Civiles y Políticos (artículo 23).*

*Asimismo, se advertirá al Estado requirente que en caso de un fallo de condena, deberá computarse el tiempo que el requerido ha permanecido privado de la libertad por cuenta de este trámite de extradición.*

*Por todo lo anterior, de conformidad con lo establecido por el numeral 2º del artículo 189 de la Constitución Política, al Gobierno Nacional, en cabeza del señor Presidente de la República como supremo director de la política exterior y de las relaciones internacionales, le corresponde hacer estricto seguimiento del cumplimiento por parte del país requirente de los condicionamientos atrás referenciados y establecer, así mismo, las consecuencias de su inobservancia.*

*Por lo expuesto, la Sala de Casación Penal de la Corte Suprema de Justicia, **CONCEPTÚA FAVORABLEMENTE** a la petición de entrega en extradición del ciudadano colombiano JHONY FIDEL CUELLO PETRO, identificado con la cédula de ciudadanía No. 78.743.892, cuyas demás notas civiles y condiciones personales fueron constatadas en el cuerpo de este pronunciamiento, por los cargos UNO y DOS contenidos en la Acusación Formal No. 18CR 469, dictada el 16 de agosto de 2018 en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas, División de Huston (sic)…"*

001

Hoja No. 6 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

7. Que en atención al concepto emitido por la Sala de Casación Penal de la H. Corte Suprema de Justicia, y teniendo en cuenta que de acuerdo con lo establecido en el artículo 501 de la Ley 906 de 2004, el Gobierno Nacional está en libertad de obrar según las conveniencias nacionales, concederá la extradición del ciudadano colombiano **JHONY FIDEL CUELLO PETRO**, identificado con la cédula de ciudadanía No. 78.743.892, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los cargos **Uno** (*Concierto para fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos*); y **Dos** (*Fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos*); imputados en la acusación No. 18CR 469 (también enunciada como Caso No. 4:18-cr-00469, Caso No.4:18-cr-469-01, Caso No. 4:18-cr-469-02 y Caso No. 4:18-cr-469-03), dictada el 16 de agosto de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.

8. Que de acuerdo con la información allegada al expediente se puede establecer que el ciudadano **JHONY FIDEL CUELLO PETRO** no se encuentra requerido por autoridad judicial colombiana y su captura obedece únicamente a los fines del trámite de extradición.

9. Que el Gobierno Nacional, en atención a lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004, debe exigir al Gobierno de los Estados Unidos de América que el ciudadano requerido no sea juzgado por un hecho anterior y distinto del que motiva la solicitud de extradición. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

10. Que el Gobierno Nacional ordenará la entrega del ciudadano **JHONY FIDEL CUELLO PETRO** bajo el compromiso del Estado requirente de cumplir las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación, sin que sea necesario hacer mención a la prohibición de imponer la pena de muerte, teniendo en cuenta que ésta no es la prevista para los delitos que motivan la presente solicitud de extradición.

11. Que al ciudadano requerido le asiste el derecho de que se le reconozca en el Estado requirente el tiempo que permaneció detenido por cuenta del trámite de extradición, y para acreditar esa situación, podrá solicitar la respectiva constancia a la Fiscalía General de la Nación, por ser la entidad competente para esos efectos.

No obstante lo anterior, se advierte que, tal y como ha sido costumbre, la Dirección de Asuntos Internacionales de la Fiscalía General de la Nación remite la certificación sobre el tiempo de detención de los ciudadanos requeridos por cuenta del trámite de extradición a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano

001

Hoja No. 7 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

del Ministerio de Relaciones Exteriores, con el fin de que el Cónsul respectivo tenga conocimiento de esa situación.

Finalmente el Gobierno Nacional, por conducto del Ministerio de Justicia y del Derecho, remitirá copia de la presente decisión a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores para los fines indicados en la Directiva Presidencial No. 07 de 2005 y lo señalado por la H. Corte Suprema de Justicia en su concepto.

Por lo expuesto,

### RESUELVE:

**ARTÍCULO PRIMERO:** Conceder la extradición del ciudadano colombiano **JHONY FIDEL CUELLO PETRO**, identificado con la cédula de ciudadanía No. 78.743.892, para que comparezca a juicio ante las autoridades de los Estados Unidos de América por los cargos **Uno** (*Concierto para fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos*); y **Dos** (*Fabricar, poseer con la intención de distribuir, y distribuir cinco kilogramos o más de cocaína con la intención, el conocimiento o teniendo causa razonable para creer que dicha cocaína sería importada ilegalmente a los Estados Unidos*); imputados en la acusación No. 18CR 469 (también enunciada como Caso No. 4:18-cr-00469, Caso No. 4:18-cr-469-01, Caso No. 4:18-cr-469-02 y Caso No. 4:18-cr-469-03), dictada el 16 de agosto de 2018, en la Corte Distrital de los Estados Unidos para el Distrito Sur de Texas.

**ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano **JHONY FIDEL CUELLO PETRO** al Estado requirente bajo el compromiso de que éste cumpla las condiciones establecidas en el inciso segundo del artículo 494 de la Ley 906 de 2004, esto es, que el ciudadano requerido no será sometido a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua y confiscación.

**ARTÍCULO TERCERO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior y distinto del que motiva la presente extradición, de conformidad con lo dispuesto en el inciso primero del artículo 494 de la Ley 906 de 2004. De igual forma se advierte que no podrán ser incluidos hechos o material probatorio anterior al 17 de diciembre de 1997.

**ARTÍCULO CUARTO:** Notificar personalmente la presente decisión al interesado, a su representante o apoderada, o a la persona debidamente autorizada por el interesado para notificarse, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer por escrito en la diligencia o dentro de los diez (10) días siguientes a su notificación, de conformidad con lo dispuesto en el artículo 76 del Código de Procedimiento Administrativo y de lo Contencioso Administrativo.

001

Hoja No. 8 de la Resolución "Por la cual se decide sobre una solicitud de extradición".

**ARTÍCULO QUINTO:** Una vez ejecutoriada la presente Resolución, enviar copia de la misma a la Dirección de Asuntos Jurídicos Internacionales y a la Dirección de Asuntos Migratorios, Consulares y Servicio al Ciudadano del Ministerio de Relaciones Exteriores y al Fiscal General de la Nación, para lo de sus respectivas competencias.

**ARTÍCULO SEXTO:** La presente Resolución rige a partir de la fecha de su ejecutoria.

**Publíquese** en el Diario Oficial, **notifíquese** al ciudadano requerido o a su apoderada, o a la persona debidamente autorizada por el interesado para notificarse, **comuníquese** al Ministerio de Relaciones Exteriores y a la Fiscalía General de la Nación y **cúmplase**.

Dada en Bogotá, D.C. a **2 ENE 2020**

LA MINISTRA DE JUSTICIA Y DEL DERECHO,

MARGARITA CABELLO BLANCO