|  | REPUBLIC OF COLOMBIA |
|  | MINISTRY OF FOREIGN AFFAIRS |

**DIAJI No. 0953**

The Ministry of Foreign Affairs – Office of International Legal Affairs – presents its compliments to the Embassy of the United States of America and has made a copy of Official Notice MJD-OFI20-0008265-DAI-1100 dated March 11th of this year, issued by the Ministry of Justice and Law, attached to which is Executive Decision No. 001 dated January 2, 2020, in which the National Government approved the extradition of Mr. **JHONY FIDEL CUELLO PETRO**, an administrative act, which, in its relevant section, states that:

> *"**ARTICLE ONE**: Grant the extradition of Colombian citizen JHONY FIDEL CUELLO PETRO, identified by citizen ID card number 78.743.892, for him to appear in court before the authorities of the United States of America to face charges on: **One** (Conspiracy to make, possess with the intent to distribute, and distribute five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States); and **Two** (Making, possessing with the intent to distribute, and distributing five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States); set out in Indictment No. 18CR 469 (also known as Case No. 4:18-cr-00469, Case No. 4:18-cr-469-01, Case No. 4:18-cr-469-02, and Case No. 4:18-cr-469-03), issued on August 16, 2018, in the United States District Court for the Southern District of Texas.*
>
> ***ARTICLE TWO**: Order JHONY FIDEL CUELLO PETRO to be surrendered to the requesting State with the commitment that the latter comply with the terms established in section two of Article 494 of Law 906 of 2004, that is, that the defendant will not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishment, nor*

[Stamp in English]

TO THE HONORABLE
**EMBASSY OF THE UNITED STATES OF AMERICA**
Bogota

**Government Exhibit**
**2**
**H-18-cr-469**


*to the penalties of exile, life in prison, or criminal forfeiture.*

***ARTICLE THREE****: Notify the requesting government that the extradited citizen may not be tried or convicted for a fact prior to and distinct from those motivating this extradition, in accordance with the provisions in the first section of Article 494 of Law 906 of 2004. Likewise, please advise that evidentiary facts or materials prior to December 17, 1997, may not be included.*

*[…]."*

In accordance with the above, and taking into account the communication from the Ministry of Justice and Law, a copy of which is enclosed, and in accordance with the order set forth in the aforementioned Executive Decision, the United States of America is hereby asked to provide the requested assurances, as provided for in section 2 of Article 494 of Law 906 of 2004, in accordance with the decision handed down by the Full Bench of the Constitutional Court, Judgment C-1106, dated August 24, 2000, in which it stated that:

"[…] *surrendering a person in extradition to a requesting government, whenever the death penalty exists there for the crime in question, will only take place under the condition of this punishment being commuted, as provided for therein, and likewise on the condition that the extradited person is not subjected to forced disappearance, torture, cruel, inhumane, or degrading treatment or punishments, nor the penalties of exile, life in prison, or criminal forfeiture, as provided for under Articles 11, 12, and 34 of the Colombian Constitution* […]."

The Ministry of Foreign Affairs – Office of International Legal Affairs – would like to take this opportunity to reiterate assurances of its highest and distinguished regard for the Honorable Embassy of the United States of America.

Bogota, D.C., March 31, 2020

[Illegible signature]

Please cite this number in replies:
MJD-OFI20-0008265-DAI-1100

Bogota, D.C., March 11, 2020

Ms.
**ALEJANDRA VALENCIA GARTNER**
Director of International Legal Affairs
Ministry of Foreign Affairs
Calle 10 No. 5-51 Palacio de San Carlos
Bogota, D.C.

[QR code]

Passcode: bfnoZZefUQ

Subject: Extradition process of Jhony Fidel Cuello Petro

Dear Ms. Alejandra Valencia:

I respectfully write to inform you that the National Government, through Executive Decision No. 001 dated January 2, 2020, a final ruling, granted the extradition of Colombian citizen Jhony Fidel Cuello Petro to the United States of America, in the following terms:

> "**ARTICLE ONE**: Grant the extradition of Colombian citizen **JHONY FIDEL CUELLO PETRO**, identified by citizen ID card number 78.743.892, for him to appear in court before the authorities of the United States of America to face charges on: **One** (Conspiracy to make, possess with the intent to distribute, and distribute five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States); and **Two** (Making, possessing with the intent to distribute, and distributing five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States); set out in Indictment No. 18CR 469 (also known as Case No. 4:18-cr-00469, Case No. 4:18-cr-469-01, Case No. 4:18-cr-469-02, and Case No. 4:18-cr-469-03), issued on August 16, 2018, in the United States District Court for the Southern District of Texas.
>
> **ARTICLE TWO**: Order **JHONY FIDEL CUELLO PETRO** to be surrendered to the requesting State with the commitment that the latter comply with the terms established in section two of Article 494 of Law 906 of 2004, that is, that the defendant will not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment or punishment, nor to the penalties of exile, life in prison, or criminal forfeiture.
>
> **ARTICLE THREE**: Notify the requesting government that the extradited citizen may not be tried or convicted for a fact prior to and distinct from those motivating this extradition, in accordance with the provisions in the first section of Article 494 of Law 906 of 2004. Likewise, please advise that evidentiary facts or materials prior to December 17, 1997, may not be included…".

|  | Justice is for all | Min Justice |
|---|---|---|

In accordance with the above, I am sending you a copy of said administrative act for the purpose of the requesting country's assurance to which section two of Article 494 of Law 906 of 2004 refers, that is, that the extradited person will not be subjected to forced disappearance, torture, cruel, inhumane, or degrading treatment or punishments, nor the penalties of exile, life in prison, or criminal forfeiture.

Cordially,

[illegible signature]
**CAMILA AFANDAOR VARGAS**
Director of International Affairs

*Enclosed as noted above, in 8 pages*

*[NIE-20-937-11-March-2020]*
*Prepared by: MUP Extraditions Group*
*Reviewed by: CBP Extraditions Group Coordinator*
*Approved by: DAI Director*

http://vuv.minjusticia.gov.co/Publico/FindIndexWeb?rad=IhqPjjbZZgaaUo%2FDMspDgsSpWAqB9dK3bBHbxFSqnKM%3D&cod=d99R%2FepxPqLkfCh
XI8NZHQ%3D%3D

Bogota, D.C., Colombia
Calle 53 No. 13 – 27  -  Telephone: (57) (1) 444 3100  -  www.minjusticia.gov.co    Page 2 of 2

REPUBLIC OF COLOMBIA



MINISTRY OF JUSTICE AND LAW

DECISION NUMBER     001     FROM

# JAN 2, 2020

Through which a ruling has been issued on a request for extradition

**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA,**
By the powers vested in him through Article 491 of Law 906
of 2004, and

**WHEREAS:**

1.    Through Note Verbale No. 1860, dated October 17, 2018, the United States Government, through its Embassy in Colombia, did request the provisional arrest and detention of Colombian citizen **JHONY FIDEL CUELLO PETRO**, wanted to appear in court for drug trafficking offenses.

2.    In response to such request, the Office of the Attorney General, through a decision dated October 23, 2018, ordered the arrest for extradition purposes of Colombian citizen **JHONY FIDEL CUELLO PETRO**, identified by Colombian ID number 78.743.892, which took effect on November 22, 2018, by members of the Office of Criminal Investigation and Interpol of the National Police.

3.    Through Note Verbale No. 0058, dated January 17, 2019, the Embassy of the United States of America in our country formalized its request for extradition of Colombian citizen **JHONY FIDEL CUELLO PETRO**.

In Indictment number 18CR 469 (also listed as Case No. 4:18-cr-00469, Case No. 4:18-cr-469-01, Case No. 4:18-cr-469-02, and Case No. 4:18-cr-469-03), issued on August 16, 2018, in the United States District Court for the Southern District of Texas, the following charges were brought against him:

"**FORMAL INDICTMENT**

THE GRAND JURY MAKES THE FOLLOWING CHARGES:

**COUNT ONE**
*(Conspiracy to distribute cocaine internationally)*

*Starting at least on a date as early as the month of January of 2012, with the grand jury unaware of the exact date, and continuing from then on until the approval of this formal indictment, in the country of Colombia and elsewhere, within the extraterritorial jurisdiction of the united [sic] States, the accused parties:*

*(…)*
*JHONY FIDEL CUELLO PETRO,*
*Alias "MOCHO"*

*Did knowingly conspire and agree with one another and with other persons known and unknown to the grand jury to prepare, possess with the intent to distribute, and distribute five kilograms or more of a mixture or substance that contained a detectable quantity of cocaine, a Category II controlled substance, with the knowing intention or having reasonable cause to believe that such substance would be illegally imported into the United States.*

*In contravention to the provisions in Sections 963, 959(a), 960(a)(3) and (b)(1)(B) of Title 21 of the United States Code.*

**COUNT TWO**
*(International distribution of cocaine)*

*On or around May 1, 2018, and continuing until on or around May 6, 2018, in the country of Colombia, within the extraterritorial jurisdiction of the United States, the accused parties:*

*(…)*
*JHONY FIDEL CUELLO PETRO,*
*Alias "MOCHO"*

*Did knowingly prepare, possess with the intent to distribute, and distribute a controlled substance, with the knowing intention or having reasonable cause to believe that such substance would be illegally imported into the United States. The controlled substance in question was more than 5 kilograms, that is, approximately 20 kilograms of a mixture or substance that contained a detectable quantity of cocaine, a Category II controlled substance.*

> *In contravention to the provisions in Sections 959(a), 960(a)(3) and (b)(1)(B) of Title 21 of the United States Code, and Section 2 of Title 18 of the United States Code."[1]*

Additionally, the requesting country, in Note Verbale No. 0058, dated January 17, 2019, stated that:

> *"On August 17, 2018, based on the charges described in the indictment, the United States District Court for the Southern District of Texas issued a warrant for the arrest of Jhony Fidel Cuello Petro. Said warrant remains valid and enforceable…"*
>
> *(…)*
>
> *All the actions taken by the defendant in this case took place done after December 17, 1997…"*

4. After having formalized the request to extradite Colombian citizen **JHONY FIDEL CUELLO PETRO**, the Ministry of Foreign Affairs, through the Office of International Affairs, issued the following opinion through Official Letter DIAJI No. 0120, dated January 17, 2019:

> "As provided for in our domestic criminal procedure legislation, we hereby inform that it is appropriate to proceed subject to the conventions to which the Republic of Colombia and the United States of America are parties.
>
> Having reviewed this Ministry's archive of treaties, we note that the following multilateral agreement is in force for the Parties on matters of mutual legal cooperation:
>
> The '*United Nations Convention against the Illicit Traffic in Narcotic Drugs and Psychotropic Substances*', signed in Vienna on December 20, 1988.[2] Along those lines, Article 6, items 4 and 5 of said treaty provide for the following:
>
>> *'4. Those Parties that do not make extradition conditional on the existence of a treaty will recognize the offenses to which article applies as cases of extradition between them.*
>>
>> *5. Extradition will be subject to the conditions provided for by the legislation of the requested Party or by the applicable extradition treaties, including the reasons why the requested Party may refuse extradition.'*
>
> In accordance with the above, and in light of the provisions set forth in articles 491 and 496 of Law 906 of 2004, the aspects not governed by the convention mentioned above, the process shall

---

[1] Pages 92 and thereafter of the Case Files of the Ministry of Justice and Law.
[2] Article 3, item 1, letter a.

be governed by the provisions in Colombia's legal system…".

5.    Having thus finalized the case file for extradition of Colombian Citizen **JHONY FIDEL CUELLO PETRO**, the Ministry of Justice and Law then sent it, via Official Letter No. MJD-OFI19-0001232-DAI-1100, dated January 24, 2019, to the Criminal Bench of the Supreme Court for its ruling.

6.    The Criminal Bench of the Supreme Court, in a decision handed down on December 9, 2019, having found that the requirements set forth by rules applicable to this case had been met, ruled in favor of the extradition of Colombian Citizen **JHONY FIDEL CUELLO PETRO**.

The Supreme Court stated the following on this case:

> "***7. Ruling***
>
> *The grounds set forth above demonstrate that the legal requirements have been met to rule in favor of the request for extradition made by the United States Government through its Embassy in our country regarding Colombian Citizen JHONY FIDEL CUELLO PETRO, for the two charges brought in the Formal Indictment No. 18CR 469, issued on August 16, 2018, by the United States District Court for the Southern District of Texas, Houston Division.*
>
> *At this time, the Court feels that it is pertinent, in order to the protect the defendant's fundamental rights, and as the Representative of the Public Prosecutor's Office has requested, to notify the Colombian Government, so that in the event that it agrees to the extradition of JHONY FIDEL CUELLO PETRO, the requesting State is made aware that it must assure for him a stay in the foreign country and return to his country of origin in conditions of dignity and respect as a human being, when the extradited party's case is dismissed, he is absolved, found not guilty, or any similar events, including after his release for having served the sentence that was imposed upon him as a result of the charges that gave rise to the request for extradition.*
>
> *Likewise, in accordance with the provisions in Article 494 of Law 906 of 2004, the Colombian Government may make extradition dependent upon conditions that it deems timely and require that the wanted individual not be tried for events other than those that led to the request, nor be subject to penalties other than those imposed in an eventual conviction, nor to death penalty, exile, life in prison, or criminal forfeiture, forced disappearance, torture, cruel, inhumane, or degrading treatment, by the requesting country, in accordance with the provisions set out in articles 12 and 34 of the Colombian Constitution and as suggested by the Office of the Attorney General of Colombia, through its Representative.*
>
> *Furthermore, it should make the surrender of JHONY FIDEL CUELLO PETRO conditional upon respect for – as with any other national under the same conditions – all the guarantees owing*

*to his status as justiciable, in particular that he have access to a public proceeding without unjustified delays, a presumption of his innocence, access to an interpreter, a defense attorney of his choice or one provided by the State, he be given time and adequate means to prepare a defense, to present evidence, and to challenge the evidence that has been brought against him, that his situation in which he is deprived of freedom take place in dignified conditions, that any sentence imposed upon him not go beyond him as an individual, that the sentence be appealable to a superior court, that a sentence of imprisonment have the essential purpose of reform and social readaptation (Articles 29 of the Constitution; 9 and 10 of the Universal Declaration of Human Rights; 5-3.6, 7-2.5, 8-1.2 (a) (b) (c) (d) (e) (f) (g) (h). 3.4.5, 9 of the American Convention on Human Rights; 9-2.3, 10-1.2.3, 14-1.2.3, 5, and 15 of the International Covenant on Civic and Political Rights.*

*Moreover, he cannot be convicted twice for the same event, by order of the Constitution, nor may a different legal denomination be given to the same factual circumstance.*

*Likewise, the Government should make his surrender to the requesting country conditional, in accordance with its domestic policies on this matter, upon the offer of real, reasonable possibilities for the extradited person to have regular contact with his closest family members, given that Article 42 of the 1991 Constitution recognizes the family as the essential nucleus of society and guarantees its protection, which is reinforced by the American Convention on Human Rights (Article 17) and the International Convention on Civil and Political Rights (Article 23).*

*Moreover, the requesting State will be notified that, in the event of a conviction ruling, it shall calculate the time that the defendant has remained in prison on account of this extradition process.*

*In light of the above, in accordance with the provisions set forth in item 2 of Article 189 of the Colombian Constitution, it is incumbent upon the National Government, headed by the President of the Republic as the chief executive of foreign policy and international relations, to ensure strict compliance by the requesting party with the conditions mentioned above and likewise to establish the consequences for failure to do so.*

*Now, therefore, the Criminal Bench of the Supreme Court hereby **RULES IN FAVOR** of the request to surrender in extradition Colombian citizen JHONY FIDEL CUELLO PETRO, identified by citizen ID card number 78.743.892, whose other civil notes and personal terms and conditions have been recorded in the body of this decision, for charges ONE and TWO set out in Formal Indictment No. 18CR 469, issued on August 16, 2018, in the United States District Court for the Southern District of Texas, Huston [sic] District…"*

7.   In response to the ruling handed down by the Criminal Bench of the Supreme Court, and bearing in mind that, according to the provisions in Article 501 of Law 906 of 2004, the National Government is free to act according to the national interest, it shall grant the extradition of Colombian citizen **JHONY FIDEL CUELLO PETRO**, identified by citizen ID card number 78.743.892, for him to appear in court before the authorities of the United States to face charges on: **One** (*Conspiracy to make, possess with the intent to distribute, and distribute five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States*); and **Two** (*Making, possessing with the intent to distribute, and distributing five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States*); set out in Indictment No. 18CR 469 (also known as Case No. 4:18-cr-00469, Case No. 4:18-cr-469-01, Case No. 4:18-cr-469-02, and Case No. 4:18-cr-469-03), issued on August 16, 2018, in the United States District Court for the Southern District of Texas.

8.   According to information attached to the case file, it has been established that Colombian citizen **JHONY FIDEL CUELLO PETRO** is not wanted by the Colombian legal authorities and his arrest is solely for the purposes of this extradition process.

9.   The National Government, in response to the provisions in section one of Article 494 of Law 906 of 2004, must stipulate that the United States Government not try the defendant for any event prior to or distinct from the one that led to the request for extradition. Likewise, no facts or evidence may be included that occurred prior to December 17, 1997.

10.   The National Government shall order the surrender of Colombian citizen **JHONY FIDEL CUELLO PETRO,** with the requesting State's commitment to comply with the conditions established in section two of Article 494 of Law 906 of 2004, that is, that the defendant not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment, nor to exile, life in prison, or criminal forfeiture, without needing to mention the ban on imposing the death penalty, bearing in mind that it is not stipulated for the crimes that gave rise to the request for extradition.

11.   The defendant has the right to have the time recognized that he spent detained, on account of the extradition process, and to prove that situation, he may request respective proof from the Office of the Attorney General of Colombia, as the agency in charge for these purposes.

The above notwithstanding, please note that, as has been custom, the Office of International Legal Affairs of the Office of the Attorney General sends a certificate regarding the time spent in detention of

respondents as a result of extradition processes to the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs, so that the respective Consul is made aware of this situation.

Finally, the National Government, through the Ministry of Justice and Law, shall send a copy of this decision to the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs, for the purposes set out in Presidential Directive No. 07 of 2005 and those mentioned by the Supreme Court in its ruling.

Now, therefore,

**IT HEREBY RESOLVES:**

**ARTICLE ONE**: To grant the extradition of Colombian citizen **JHONY FIDEL CUELLO PETRO**, identified by citizen ID card number 78.743.892, for him to appear in court before the authorities of the United States to face charges on: **One** (*Conspiracy to make, possess with the intent to distribute, and distribute five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States*); and **Two** (*Making, possessing with the intent to distribute, and distributing five kilograms or more of cocaine with the intention, knowledge, or having reasonable grounds to believe that such cocaine would be illegally imported into the United States*); set out in Indictment No. 18CR 469 (also known as Case No. 4:18-cr-00469, Case No. 4:18-cr-469-01, Case No. 4:18-cr-469-02, and Case No. 4:18-cr-469-03), issued on August 16, 2018, in the United States District Court for the Southern District of Texas.

**ARTICLE TWO**: To order the surrender of Colombian citizen **JHONY FIDEL CUELLO PETRO** to the requesting State, with the commitment therefrom to comply with the conditions established in section two of Article 494 of Law 906 of 2004, that is, that the defendant not be subject to forced disappearance, torture, or cruel, inhumane, or degrading treatment, nor to exile, life in prison, or criminal forfeiture.

**ARTICLE THREE**: To notify the requesting State that the extradited citizen may not be tried or convicted for any event prior to or distinct from the one that led to the request for extradition, in accordance with section one of Article 494 of Law 906 of 2004. Likewise, no facts or evidence may be included that occurred prior to December 17, 1997.

**ARTICLE FOUR**: To notify the interested party of this decision in person, or through his representative or attorney, or a person duly authorized by the interested party to receive notifications, letting them know that a motion for reversal may be filed against it, which may either be lodged in writing in the proceeding or within ten (10) days following its notification, in accordance with the provisions in Article 76 of the Administrative Procedure and Administrative Litigation Code.

**ARTICLE FIVE**: Once this Decision has been executed, please send a copy of it to the Office of International Legal Affairs and the Office of Immigration and Consular Affairs and Citizen Services of the Ministry of Foreign Affairs and Office of the Attorney General, for their appropriate actions.

**ARTICLE SIX**: This Decision takes effect as of the date of its execution.

**Publish it** in the *Diario Oficial*; **notify** the defendant or his attorney, or the person duly authorized by the interested party to receive notifications; **communicate** it to the Ministry of Foreign Affairs and the Office of the Attorney General; and **execute it.**

Done in Bogota, D.C., on

**JAN 2, 2020**



THE MINISTER OF JUSTICE AND LAW,

[illegible signature]
MARGARITA CABELLO BLANCO